IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHN PHILIP STIRLING and STEVEN DWAYNE LANDER,

Petitioners,

v.

DEWAYNE HENDRIX, Warden, FCI Sheridan,

Respondent.

Case No. 3:20-cv-00712-SB

**DISCOVERY ORDER**

**BECKERMAN, U.S. Magistrate Judge.**

At a September 1, 2021, status conference, Petitioners moved to compel Respondent, pursuant to Rule 34(a)(2) of the Federal Rules of Civil Procedure, to allow an inspection team to enter the Sheridan Federal Correctional Institution ("FCI"), Federal Detention Center ("FDC"), and Camp, to inspect conditions, speak confidentially with incarcerated individuals and staff, and review records, to obtain evidence in support of Petitioners' habeas claims relating to conditions of confinement at Sheridan during the Covid-19 pandemic. (*See* Notice of Entry on Land, ECF No. 80-1.) The Court denied Petitioners' request to conduct an expedited inspection on

September 2, 2021, but took under advisement their request to conduct an inspection on a later date.

Specifically, Petitioners request that the Court compel Respondent to allow seven individuals (a medical doctor, three investigators, and three attorneys) to conduct an inspection at Sheridan during two eight-hour visits, and authorize Petitioners to: (i) inspect the medical unit, "pill line" location, intake unit, housing units, special housing unit, commissary, staff screening area, cleaning and sanitation areas, eating area, area holding phone banks and computer terminals, and the gymnasium used for medical isolation, and take photographs of those areas; (ii) interview individuals incarcerated at Sheridan and Sheridan staff and record the interviews, as well as conduct group interviews of incarcerated individuals; and (iii) review records onsite, including sick call requests, emergency room visit logs, selected medical files, staff work records, CVs and credentials of all medical personnel, and procurement records for soap and masks. (*Id.*)

Respondent objects to Petitioners' inspection request on several grounds, including: (i) undue burden in light of the Covid-19 pandemic; (ii) undue burden given the irrelevance of the discovery to the dispositive threshold questions of law regarding the Court's subject matter jurisdiction over Petitioners' claims; (iii) Petitioners' requests are duplicative of formal and informal discovery to date, and Petitioners have obtained or could obtain the requested discovery from more convenient and less burdensome sources; and (iv) Petitioners' requests to record and photograph the facilities violate Bureau of Prisons ("BOP") regulations.

For the reasons discussed below, the Court grants in part Petitioners' motion to compel the inspection.

///

## I. LEGAL STANDARDS

Although habeas petitioners are not entitled to discovery in the ordinary course, the Court "may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Rule 6(a) of the Rules Governing § 2254 Cases; *see also* Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)."); *Bracy v. Gramley*, 520 U.S. 899, 909 (1997) ("We conclude that petitioner has shown 'good cause' for discovery under Rule 6(a).")

Rule 26 of the Federal Rules of Civil Procedure governs the permissible scope of civil discovery, and allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(1). Under Rule 34(a)(2), a party may serve on any other party a request within the scope of Rule 26(b) "to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it." FED. R. CIV. P. 34(a)(2).

"A long line of cases has . . . allowed Rule 34 entry into facilities housing adults or juveniles." *G.H. et al. v. Tamayo*, No. 4:19cv431-RH-MJF, 2021 WL 3464256, at *1 (N.D. Fla. Aug. 4, 2021) (citing *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 706 F.2d 956, 960 (2d Cir. 1983); *Morales v. Turman*, 59 F.R.D. 157 (E.D. Tex. 1972); *Madrid v. Gomez*, 889 F.

Supp. 1146, 1160-61 (N.D. Cal. 1995); and *Alvarez v. LaRose*, No. 3:20-cv-00782, 2020 WL 5594908, at *7-8 (S.D. Cal. Sept. 18, 2020)).

## II. ANALYSIS

Petitioners request a Rule 34(a)(2) inspection to take photographs, conduct interviews, and review records at Sheridan's FCI, FDC, and Camp, during two eight-hour visits. The Court has already found that there is good cause generally to allow Petitioners to conduct discovery in these consolidated habeas actions prior to resolving the merits of Petitioners' claims. (*See* July 22, 2020 Hrg. Tr., ECF No. 44, at 53 ("I am authorizing expedited discovery. . . . That expedited discovery can include interrogatories, document requests, and even depositions. That's part of civil litigation.") (Simon, J.)). Accordingly, the question currently before the Court is whether Petitioners' inspection request complies with Rules 26 and 34.

With respect to the breadth of Petitioners' proposed inspection, the Court finds that Petitioners may obtain the testimony and documents they seek through less burdensome discovery methods. Specifically, the Court has appointed the Federal Public Defender to represent more than one hundred individuals incarcerated at Sheridan in these consolidated habeas actions, and counsel acknowledged at the status conference that Respondent has not denied counsel access to these individuals. Thus, to the extent Petitioners seek firsthand accounts of the conditions of confinement at Sheridan during the Covid-19 pandemic, counsel has ready access to a substantial number of individuals to obtain that information. In addition, as discussed at the status conference, Petitioners may obtain Respondent's testimony by noticing his deposition, and the parties may confer with respect to scheduling any additional depositions of Sheridan personnel.

///

With respect to the documents Petitioners seek to review during the inspection, Petitioners may request the same documents through Rule 34 requests for production of documents, which will allow for the production of documents in a more organized, efficient, and less burdensome manner. Indeed, Respondent has been responding to Petitioners' requests for production of documents, both formal and informal, for many months.[1]

That leaves Petitioners' request to enter Sheridan with an inspection team to observe the current conditions of confinement. Although counsel may obtain firsthand reports of conditions from Petitioners, the Court agrees with other courts that there is additional value in allowing an expert or investigator to inspect the current conditions of confinement. *See, e.g.*, *Alvarez*, 2020 WL 5594908, at *7 ("In sum, the conflicting declarations provided by Petitioners and Respondents establish good cause for a site inspection to obtain objective evidence of the conditions of confinement at the [Otay Mesa Detention Center]."); *Chunn v. Edge*, No. 20-CV-1590 (RPK), 2020 WL 1872523, at *1 (E.D.N.Y. Apr. 15, 2020) ("Visiting the [detention facility] is the best way for petitioners' expert to gain an accurate understanding of the conditions there. And petitioners' expert can be expected to produce a report and testimony that is more useful to the Court if the expert observes conditions at the facility firsthand."); *see also Ache v. Witte*, No. 6:20-CV-01320, 2020 WL 7393895, at *2 (W.D. La. Dec. 16, 2020) ("Like the other district courts which have considered this issue, the Court finds that Petitioners have shown good cause for the requested discovery. . . . Specifically, the Court finds that Petitioners are entitled to have their corrections healthcare expert conduct an inspection of the [detention] facility.").

///

[1] If any disputes arise over the scope of Petitioners' written discovery requests, the parties may contact the Court to schedule a discovery conference, and the Court requires a discovery conference prior to filing any motions to compel.

The Court concludes that Petitioners have demonstrated good cause to allow a limited Rule 34(a)(2) inspection here. However, the burden of the inspection, as proposed, outweighs its likely benefit and is not proportional to the needs of the case under Rule 26(b)(1). As discussed, Petitioners may obtain the requested testimony and documents from less burdensome sources, and Petitioners' request to bring a seven-person team into the facilities for two full days during the pandemic necessarily creates a substantial burden on Respondent and places incarcerated individuals and staff at additional risk. *See, e.g.*, *Alvarez*, 2020 WL 5594908, at *11 (authorizing one five-hour inspection attended by one expert and an interpreter in a habeas action challenging pandemic conditions of confinement).

For these reasons, the Court GRANTS IN PART Petitioners' motion to compel a Rule 34(a)(2) inspection, and authorizes Petitioners to conduct a limited inspection as set forth below:

1. Respondent shall permit a Rule 34(a)(2) inspection of the Sheridan FCI, FDC, and Camp facilities, to occur on an agreed-upon date within fourteen days of this Order. The inspection will begin at an agreed-upon time and will last for five hours from the time the participants have passed through security, with additional time for any delays. Petitioners shall split the five-hour visit between the three facilities (FCI, FDC, and Camp).

2. Up to three individuals (including counsel), to be selected by Petitioners' counsel, may attend the inspection on Petitioners' behalf, and Respondent may determine the appropriate number of Sheridan personnel necessary to guide Petitioners' inspection team through the facilities.

3. The parties shall confer regarding whether Petitioners' inspection team may access all of the requested areas, or if there are any necessary limitations due to institutional security. The parties shall also confer regarding photographing the areas in compliance with BOP

regulations, and any photographs shall not include any identifiable person. The parties shall confer regarding a protective order to govern the use of any photographs taken during the inspection.

4. Although the Court authorizes Petitioners' inspection team to visit the requested areas and to take photographs consistent with BOP regulations, the Court does not authorize the team to interview any incarcerated individuals or staff, nor inspect any records during the visit.

5. All members of Petitioners' inspection team are required to be fully vaccinated prior to the inspection, wear personal protective equipment (including an N-95 mask), and ensure at least six feet of distance from any incarcerated individuals and staff at all times.

6. The parties shall confer regarding any additional inspection parameters to allow Petitioners to conduct the inspection while minimizing the burden on Respondent, and the parties shall contact the Court to schedule a teleconference in the event of any disagreement.

Following the inspection, the parties shall confer and propose to the Court new discovery, supplemental briefing, and under advisement deadlines, which the Court will enter forthwith.

**IT IS SO ORDERED.**

DATED this 3rd day of September, 2021.

Stacie F. Beckerman

HON. STACIE F. BECKERMAN
United States Magistrate Judge